IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER SHEA, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | SECTION |
| CAFFE!CAFFE! RESTAURANT, INC.; AVENUE CAFFE, LLC, GERARD BECK AND LISA MARIE PATERNOSTRO BECK | MAGISTRATE JUDGE |
| | Jury Trial Demanded |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Christopher Shea, on behalf of himself and all others similarly situated, brings this action and respectfully alleges as follows:

**INTRODUCTION**

1. This is a collective action brought on behalf of individuals who previously worked or currently work as employees of Defendants, Caffe! Caffe! Restaurant, Inc.; Avenue Caffe, LLC; Gerard Beck And Lisa Marie Paternostro Beck ("Defendants"), and similarly situated former and current employees (hereinafter collectively referred to as "Plaintiffs" or "FLSA Collective Plaintiffs") of the Defendants. Plaintiffs complain that the Defendants engaged in a pattern or practice of unlawful conduct which resulted in the violation of their rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

**JURISDICTION**

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress

1

regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Christopher Shea is a resident of the Parish of Orleans, State of Louisiana, and worked for Defendants at their locations throughout the metro New Orleans area. Mr. Shea routinely worked for Defendants in their Jefferson Parish locations as a dishwasher and/or "back of the house" worker at a rate of pay of $12.50 per hour. He often worked for them for more than 40 hours per week, but was not paid overtime for all hours worked over forty in a workweek.

5. The following persons or entities are named as Defendants:

   (A) Defendant Caffe! Caffe! Restaurant, Inc. is a Louisiana corporation, authorized to do and doing business in the State of Louisiana, Parish of Jefferson at all times material hereto;

   (B) Avenue Caffe, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Jefferson at all times material hereto;

   (C) Defendant Gerard Beck is a person of majority residing in the State of Louisiana and an owner, member or officer of the above corporate defendant;

  (D) Defendant Lisa Marie Paternostro Beck is a person of majority residing in the State of Louisiana and an owner, member or officer of the above corporate defendant.

  (E) Collectively, all named defendants will be referred to as "Defendants."

## FACTUAL BACKGROUND

6. Plaintiffs were hired by Defendants to work in cafés throughout Jefferson Parish that are owned and operated by Defendants under the name "Caffe! Caffe!"

7. Although Defendants nominally attempted to differentiate the Caffe! Caffe! locations by registering them as different business entities, they shared management, owners, employees, materials and equipment and were indistinguishable from one another.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. Specifically, Plaintiff regularly used and sold products and materials that originated outside the State of Louisiana, handled credit card and other transactions that crossed interstate lines and provided services to persons who came from outside the State of Louisiana.

11. At all times material hereto, Plaintiff was the "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

15. Upon information and belief, "Caffe! Caffe!" is the name under which all of the Caffe! Caffe! locations operate.

16. Plaintiff routinely and as part of his regular duties for "Caffe! Caffe!", worked interchangeably between all of Defendants' locations, which operate as a unified entity under a unified general management.

17. Plaintiff routinely worked more than 40 hours per week for Defendants; however Plaintiff was not paid overtime for all hours worked over forty in a workweek.

18. Instead, Defendants operated under a concerted scheme whereby they would transfer Plaintiff and other similarly situated workers from location to location for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiff and similarly situated employees routinely worked more than 40 total hours in a workweek for Defendants.

19. Plaintiff and similarly situated employees only applied one time to work at all of Defendants' locations; if Plaintiff or another similarly situated employee was fired from one of Defendants' locations, that employee was fired from all of Defendants' locations;

and for all intents and purposes, Plaintiff and similarly situated employees were employees of "Caffe! Caffe!" as a whole, and not the individual Caffe! Caffe! locations.

## JOINT EMPLOYER ALLEGATIONS

20. All previous paragraphs are incorporated as though fully set forth herein.

21. Defendants operate cafés in the Jefferson Parish area under the name Caffe! Caffe!

22. All of the Caffe! Caffe! locations operate under the registered corporate entity Caffe! Caffe! Restaurant, Inc. In addition, Caffe! Caffe! locations all share the same employees, and Plaintiff, as well as Defendants' other employees, were routinely scheduled to work among Defendants' various locations.

23. Defendants operate under common and unified management, including Defendants Gerard Beck and Lisa Marie Paternostro Beck. Furthermore, store managers/owners actually circulated from store to store in the same manner as Plaintiffs did.

24. At all times pertinent hereto, Defendants operated in a concerted scheme to transfer Plaintiff and other employees from one store to another for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than 40 total hours in a workweek for Defendants,

25. At all times pertinent hereto, Defendants would pay Plaintiff and other employees their wages purportedly from each café where they worked under the pretense that they were wholly separate, unrelated entities. However, Defendants' payroll procedures and processes are unified for each Defendant.

26. Defendants' purpose in scheduling and paying Plaintiff and the other employees in this manner was to avoid or reduce the amount of compensation paid to these employees for the work they performed for Defendants in excess of 40 hours per week.

27. At all times, Defendants controlled the time, manner and place where Plaintiff and the other employees worked. Plaintiff and the other employees had no control over the shop where they worked for each shift, how long they worked for each shift or the manner in which they performed their work.

28. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiff's "joint employers" under the FLSA because their "employment by one [Caffe! Caffe!] is not completely disassociated from employment by the other [Caffe! Caffe!]," and therefore "all of the employee[s'] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. All previous paragraphs are incorporated as though fully set forth herein.

30. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who were jointly employed by Defendants since 2018 (the "FLSA Collective Plaintiffs").

31. Plaintiff brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants.

32. Upon information and belief, there are dozens, if not hundreds, of members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and

practices based upon the number of current employees of Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants in the last three years. It would be impractical to join all of those employees and former employees in this action.

33. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll and personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and email.

34. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated employees were subject to the same uniform job scheduling policies, payment practices, and operational procedures. Further, Defendants' willful policy or practice, whereby it has failed to pay its joint employees proper wages and overtime compensation for all hours worked over forty (40) hours per week, has affected Plaintiffs and similarly situated employees in the same fashion, and Plaintiffs are in the best position to represent all members of the FLSA class as a whole.

35. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

36. Plaintiff requests the Court to authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages and overtime compensation and liquidated damages under the FLSA.

### COUNT I: COLLECTIVE ACTION CLAIM FOR UNPAID OVERTIME

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Defendants were joint employers covered by the overtime pay mandates of the FLSA, and Plaintiffs and the FLSA Collective Plaintiffs are current and former employees entitled to the FLSA's overtime protections.

39. The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

40. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiff and similarly situated employees often worked many hours in excess of 40 hours.

41. Defendants' failure to pay Plaintiff and FLSA Collective Plaintiffs federally-mandated overtime is the result of a deliberate scheme which Defendants sought to avoid or reduce paying overtime by claiming that they did not owe overtime to Plaintiff and other employees unless they worked in excess of 40 hours per week at one location.

42. Defendants took care to avoid scheduling Plaintiff and the FLSA Collective Plaintiffs to work more than 40 hours at one location, although they routinely scheduled Plaintiff and the FLSA Collective Plaintiffs to work more than 40 hours total for all Defendants.

43. Plaintiff and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

44. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

45. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was and is due.

47. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Plaintiffs of their rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

50. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

51. Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## RESERVATION OF RIGHTS

52. Plaintiff reserves the right to assert claim under the Americans with Disabilities Act upon the exhaustion of all administrative remedies.

## JURY TRIAL DEMANDED

53. Plaintiff demands a jury trial on all matter so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, pray that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants for all damages reasonable in the premises, and demand the following:

a. an injunction prohibiting Defendants from engaging in future overtime pay violations;

b. payment of unpaid overtime wages to Plaintiff and the FLSA Collective Action Plaintiffs;

c. liquidated damages and monetary penalties to the fullest extent permitted under the law;

    d. litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

    e. legal interest and such other and further relief as this Court deems just and proper.

    f. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

    Respectfully Submitted:

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net

Attorneys for Plaintiff and the FLSA Collective Plaintiffs

**PLEASE SERVE:**

CAFFE! CAFFE! RESTAURANT, INC.,
Through its Registered Agent:
Gerard Beck
116 Beverly Drive
Metairie, LA 70001

AVENUE CAFFE, LLC
Lisa Beck
116 Beverly Drive
Metairie, LA 70001

GERARD BECK

Wherever he may be found

LISA MARIE PATERNOSTRO BECK
Wherever she may be found